IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

IN RE: JAMES D. WHITE and
EMPLOYEES OF COLUMBUS LUMBER
CO., BROOKHAVEN, MS                              CIVIL ACTION NO. 2:10mc80-KS-MTP

<u>OPINION AND ORDER</u>

This matter is before the court on a Petition [1] to Perpetuate Testimony for Issuance of Subpoena Duces Tecum, filed by Petitioner James D. White on behalf of all similarly-situated former employees of Columbus Lumber Co., Brookhaven Mississippi ("Columbus Lumber"). Having reviewed the petition and the applicable law, and having heard argument of Petitioner's counsel during a telephonic hearing held on April 13, 2010, the court finds that the Petition should be denied and dismissed with prejudice.

By this action, Petitioner, a former employee of Columbus Lumber, requests that the court issue a subpoena duces tecum to the Mississippi Department of Employment Security to produce "a copy of all employment records for employees employed by Columbus Lumber during the calendar year of 2009." During the telephonic hearing, Petitioner's counsel narrowed their request to records reflecting the total number of employees and the total amount of payroll for each of the four quarters of 2009. Petitioner's counsel argues that such records are necessary in order to be able to bring an action against Columbus Lumber on behalf of Petitioner and other former employees whom they claim were laid off in violation of the federal Worker Adjustment and Retraining Notification Act (WARN) and "will assist them in formulating complaints for damages." *See* Petition [1]. During the hearing, Petitioner's counsel clarified that they need the requested information in order to determine whether Columbus Lumber has the requisite number of employees and minimum amount of payroll in order to be subject to WARN.

Although no authority is cited in the Petition in support of this request, the attached Civil

Cover Sheet [1-1] cites Fed. R. Civ. P. 27(a)[1] as the statute under which Petitioner filed this action. During the hearing the court requested that if counsel was aware of any additional authority that would authorize the relief they are seeking, they should submit such authority to the court. Nothing has since been submitted to the court.

The purpose of Rule 27(a) is to allow a petitioner to preserve testimony or evidence that might otherwise be "lost, concealed or destroyed" so that it is available when the action is eventually filed, not to use it "as a vehicle to uncover facts which may support a future action" or "as a vehicle for compliance with Rule 11." *Hardin-Westfield v. Mosby*, 2006 WL 1366727, at * 2 (S.D. Miss. May 18, 2006) (citations omitted) (dismissing Rule 27 petition where petitioner "does not explain why she is unable to initiate an action against the respondents *except* for the fact that she currently lacks the information to support the civil actions.") (emphasis in original); *see also In re: Vioxx Products Liability Litig.*, 2008 WL 1995098, at * 3 (E.D. La. May 6, 2008) ("Rule 27 is not to be used as a discovery statute and may not be used as 'a method of discovery to determine whether a cause of action exists.'" (citations omitted); *In re: Landry-Bell*, 232 F.R.D. 266, 266 (W.D. La. July 14, 2005) ("Rule 27 simply authorizes the perpetuation of evidence, not the discovery or uncovering of it."); *In the matter of Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. Aug. 2, 2005) (holding that Rule 27 may not be used "as a vehicle for discovery prior to filing a complaint"); 8A Wright, Miller & Marcus, *Federal Practice & Procedure* § 2071 (2010), at 384-85 (noting that "courts have generally agreed that to allow Rule 27 to be used...to fish for some ground for bringing suit...would be an 'abuse of the rule.'" (citations omitted).

In the instant matter, Petitioner's counsel aver that the documents they are seeking are necessary in order for them to be able to bring an action against Columbus Lumber. However, this type of pre-suit discovery is simply not authorized by Rule 27. Nor have they made a

---

[1] Rule 27(a)(1) sets forth the procedure to be followed by a petitioner seeking to perpetuate testimony prior to the filing of action.

"particularized showing" that the documents are likely to be lost or destroyed. *See Hardin*, 2006 WL 1366727, at * 3 (citation omitted). Indeed, the chances of the requested documents being lost of destroyed seems highly unlikely, as they pertain to a recent time period (2009) and are in the possession of a state governmental agency. *See In re: Vioxx*, 2008 WL 1995098, at * 4 ("The majority of the information [petitioner] seeks...is public record and it is highly unlikely that it will be destroyed anytime soon."); *see also In re: Flash Memory Antitrust Litig.*, 2008 WL 62278, at * 5 (N.D. Cal. Jan. 4, 2008) ("[T]he plaintiffs seek production of documents...already compiled and turned over to the government. There is little to no risk that these documents will be unavailable in the future."). Accordingly, for the foregoing reasons, the court finds that the Petition should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Petition [1] to Perpetuate Testimony for Issuance of Subpoena Duces Tecum, filed by Petitioner James D. White on behalf of all similarly-situated former employees of Columbus Lumber, is denied and dismissed with prejudice.

SO ORDERED AND ADJUDGED on this the 3rd day of May, 2010.

s/ Michael T. Parker
United States Magistrate Judge